BARRY J. PORTMAN
Federal Public Defender
JOSH COHEN
Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ANGUIANO-GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>              )<br>       Plaintiff,   )<br>              )<br>   v.         )<br>              )<br>JOSE ANGUIANO-GONZALEZ,   )<br>              )<br>       Defendant.   )<br>_____) | No. CR-07-0102 PJH<br><br>DEFENDANT'S UNOPPOSED MOTION AND [P~~ROPOSED~~] ORDER GRANTING MOTION FOR COMPETENCY EVALUATION AND HEARING |

Defendant Jose Guadalupe Anguiano-Gonzalez stands accused of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. By and through undersigned counsel, and pursuant to 18 U.S.C. § 4241(a), defendant respectfully moves for a local psychiatric or psychological examination of the defendant, and for a hearing to determine whether he is competent to proceed in this matter.

A defendant is incompetent to stand trial if he is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d); *Dusky v. United States*, 362 U.S. 402 (1960). A motion for a competency hearing shall be granted if there is reasonable cause to believe that the defendant may be incompetent. *See* 18 U.S.C. § 4241(a).

Here, the defendant has repeatedly indicated to undersigned counsel that he is confused and that there is something wrong with his mind. *See* Cohen Decl. ¶ 4. He has complained earnestly about, and pointed out to undersigned counsel, bizarre and unobservable physical ailments. *See id.* ¶ 5. He has shown a pronounced inability to stay focused on topics germane to his defense, perseverating and circumlocuting concerning issues collateral to his case. *See id.* ¶ 6. His short-term memory appears to be impaired, and he seems unable to retain and process new information. *See id.* ¶ 7. While Mr. Anguiano has received no mental-health treatment at Santa Rita Jail, *see id.* ¶ 9, he reports having received a white tablet twice daily during a term of imprisonment at Calipatria State Prison, and that he felt less confused when taking that medication.[1] *See id.* ¶ 8.

Based on these and other symptoms, undersigned counsel is concerned that Mr. Anguiano may not be competent to proceed at this time. Accordingly, it is respectfully requested that the Court order a local psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b), and a hearing on the issue of competency pursuant to 18 U.S.C. § 4241(c).

The government does not oppose this motion.

Dated: April 24, 2007

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

JOSH COHEN
Assistant Federal Public Defender

**ORDER**

Accordingly, and for good cause shown, it is hereby ORDERED that United States

---

[1] Although medical records have been requested from the California Department of Corrections, they have not yet been produced.

CR-07-0102 PJH; MOT. FOR COMPETENCY
EVALUATION                           2

1  Pretrial Services, in consultation with counsel for the defendant and the government, shall
2  arrange a local competency evaluation of Mr. Anguiano-Gonzalez by a qualified psychologist or
3  psychiatrist, assisted if necessary by a court-certified Spanish interpreter.  The psychologist or
4  psychiatrist shall evaluate Mr. Anguiano-Gonzalez and promptly file a report with the Court that
5  complies with the requirements of 18 U.S.C. § 4247(c) and responds to the following questions:

6      1.    Does Mr. Anguiano-Gonzalez have a rational as well as a factual
7          understanding of the charges against him?
8      2.    Does Mr. Anguiano-Gonzalez have a sufficient present ability to
9          consult with his lawyer with a reasonable degree of rational
10         understanding?
11     3.    If Mr. Anguiano-Gonzalez does not presently have a rational or
12         factual understanding of the charges or presently does not have
13         sufficient ability to consult with his lawyer with a reasonable
14         degree of rational understanding, then is there a substantial
15         probability that he will attain these capacities in the foreseeable
16         future?

17     Further proceedings in this case are postponed until the report is received and a
18 competency hearing is convened.  Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of time
19 from the filing of the defendant's motion to the entry of an order finding Mr. Anguiano-Gonzalez
20 competent is excluded for purposes of the Speedy Trial Act.

21     It is further ORDERED that, pursuant to Rule 12.2(c) of the Federal Rules of Criminal
22 Procedure, no statement made by the defendant in the course of this examination, nor any
23 testimony by the expert based upon such statement, nor any other fruits of the statement, shall be
24 admitted in evidence against the defendant in any criminal or civil proceeding except on an issue
25 respecting mental condition on which the defendant has induced testimony.
26 ///

1   If no competency hearing has been convened prior to May 23, 2007, the parties shall
2   appear on May 23, 2007 at 1:30 p.m. for a status conference.
3   IT IS SO ORDERED.
4   Dated:  4/25/07

PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton